Honorable _____

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
WASHINGTON AT TACOMA

| | |
|---|---|
| SARA ROREBECK,<br><br>　　　　　　　Plaintiffs,<br>　　V.<br><br>FRANCISCAN HEALTH SYSTEM, ST. JOSEPH MEDICAL CENTER, UNIVERSITY OF WASHINGTON MEDICINE, ABC CORP. AND XYZ CORP., (ficticious names whose identities are presently unknown), KAREN COOK, individually, officially and on behalf of her marital community with MARK COOK, MARCIE DOYLE, individually, officially and on behalf of her marital community with MARTY DOYLE, LISA MELCHIORRE, individually, officially and on behalf of her marital community with JOHN DOE MELCHIORRE; John Doe 1-5 and Jane Doe 1-5 (ficticious individuals whose identities are presently unknown),<br><br>　　　　　　　Defendants. | NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §§12101, 12131,** *et seq.*<br><br>2. **RETALIATION FOR OPPOSING UNLAWFUL PRACTICE UNDER HIPAA, 45 C.F.R. §160**<br><br>3. **VIOLATIONS OF RCW 49.60,** *et seq.*<br><br>**Demand is made for a Jury Trial** |

## I.　　NATURE OF ACTION

This is an action brought under (1) Title I of the Americans with Disabilities Act and Amendments (ADA), 42 U.S.C. §§ 12101, 12131 *et seq.*, (2) Retaliation for Opposing an

PLAINTIFF'S COMPLAINT FOR DAMAGES
SARA ROREBECK　　　　　PAGE 1

BEVERLY GRANT LAW FIRM, P.S
3929 Bridgeport Way W., Ste. 208
University Place, WA. 98464
235-252-5454

unlawful practice under HIPAA, 45 C.F.R. §160, *et seq.*, (3) Violations of the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq.*. As a result of Defendants' unlawful behavior, Plaintiff has suffered damages in amounts to be proven at trial.

## II.  IDENTITY OF PARTIES

1. At all relevant times, Plaintiff, Sara Rorebeck, is an individual residing in Pierce County, Washington. At all relevant times, Plaintiff was an employee of Franciscan Health System and/or and/or St. Joseph Medical Center and/or University of Washington Medicine.

2. At all relevant times, Defendant, Franciscan Health System, is a company that has continuously been doing business in the State of Washington and has continuously had at least fifteen (15) employees.

3. At all relevant times, Defendant, St. Joseph Medical Center, is a company that has continuously been doing business in the State of Washington and has continuously had at least fifteen (15) employees.

4. At all relevant times, Defendant, University of Washington Medicine, is a Washington public health system that has continuously been doing business in the State of Washington and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendants, Franciscan Health System, St. Joseph Medical Center, and University of Washington Medicine has continuously been an employer engaged in an industry affecting commerce for the purposes of the relevant causes of action alleged herein.

6. At all relevant times, Defendant, Karen Cook, is an individual residing in Pierce County, Washington and is/was employed by Defendants, Franciscan Health System, St. Joseph Medical Center, and/or University of Washington Medicine. At all relevant times she acted individually, officially and on behalf of her marital community with Mark Cook.

PLAINTIFF'S COMPLAINT FOR DAMAGES
SARA ROREBECK                    PAGE 2

BEVERLY GRANT LAW FIRM, P.S
3929 Bridgeport Way W., Ste. 208
University Place, WA.  98464
235-252-5454

7. At all relevant times, Defendant, Marcie Doyle, is an individual residing in Pierce County, Washington and is/was employed by Defendants, Franciscan Health System, St. Joseph Medical Center, and/or University of Washington Medicine. At all relevant times she acted individually, officially and on behalf of her marital community with Marty Doyle.

8. At all relevant times, Defendant, Lisa Melchiorre, is an individual residing in Pierce County, Washington and is/was employed as the Medical Director by Defendants, Franciscan Health System, St. Joseph Medical Center, and/or University of Washington Medicine.

9. Upon information and belief, any additional persons who engaged in tortious actions against Plaintiff will be identified and joined later in this lawsuit.

### III.   JURISDICTION AND VENUE

10. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §§12101, 12131, *et seq.,* 45 C.F.R. §160 and venue lies in Pierce County Superior Court as these incidents occurred in Pierce County and in the Western District of Washington.

11. Plaintiff is filing this lawsuit within ninety (90) days of receiving her notice of right to sue notification from the EEOC.

12. Plaintiff filed a tort claim against University of Washington on January 25, 2018 and has satisfied the presentation requirements of RCW 49.60 against Defendant, University of Washington Medicine.

### IV.   STATEMENT OF THE CLAIMS

**1. Violation of Americans with Disabilities Act (ADA), 42 U.S.C. §§12101, 12131, *et seq.***

13. Plaintiff, Sara Rorebeck, was employed as a Relief Charge Nurse in preoperative surgery by Defendants from July 2001 until Defendants fired her on February 16, 2016.

PLAINTIFF'S COMPLAINT FOR DAMAGES
SARA ROREBECK                PAGE 3

BEVERLY GRANT LAW FIRM, P.S
3929 Bridgeport Way W., Ste. 208
University Place, WA. 98464
235-252-5454

14. Plaintiff suffered from a disability and at all relevant times, Defendants were aware that Plaintiff suffered from numerous medical issues that required reasonable accommodations.

15. Plaintiff requested reasonable accommodations from Defendants and Defendants refused to accommodate Plaintiff's medical conditions.

16. Despite Plaintiff's medical conditions, Plaintiff was able to perform all essential job functions for Defendants.

17. Defendants disclosed Plaintiff's private and protected medical information to her coworkers and forced Plaintiff to disclose her private medical information to other employees.

18. Defendants made derogatory comments about Plaintiff's medical conditions, joked about them and laughed at her.

19. From 2001 until 2014, Plaintiff received exemplary job performance evaluations from her current and previous managers. While employed there for over ten years, Plaintiff maintained her medical surgical certification which demonstrates her expertise in that field.

20. Plaintiff worked under the supervision of Defendant Cook where she received two highly commendable job performance evaluations in 2013 and 2014.

21. She also received multiple commendations from co-workers and patients including being nominated for the Daisy Award.[1] Plaintiff previously was selected to work with the Medical Director and ancillary staff on a project improvement project that was used hospital wide.

22. After Defendants had harassed and discriminated against Plaintiff, she filed lawful complaints and ultimately terminated her employment on February 16, 2016.

23. Plaintiff suffered damages as a result of Defendants' violations of the ADA in amounts to be proven at trial.

---

[1] The Daisy Award is one that given to an employee for serving as an outstanding role model for the nursing profession.

PLAINTIFF'S COMPLAINT FOR DAMAGES
SARA ROREBECK   PAGE 4

BEVERLY GRANT LAW FIRM, P.S
3929 Bridgeport Way W., Ste. 208
University Place, WA. 98464
235-252-5454

**2. Retaliation for Opposing Unlawful Practice under HIPAA, 45 C.F.R. §160**

24. Plaintiff adopts by reference the preceding paragraphs as though fully incorporated herein.

25. Plaintiff overheard her manager, Defendant, Karen Cook, ("Defendant Cook") disclosing a co-worker's ("J. Doe") protected health information with Defendant Cook's subordinates, who at all relevant times employees of Defendants, Franciscan Health System, St. Joseph Medical Center, and/or University of Washington Medicine ("Medical Defendants").

26. Under the Medical Defendants' Policies, employees are not allowed to disclose anyone's protected medical information. Under Medical Defendants' policies, employees are to report violations of the unlawful disclosure of protected medical information to Human Resources.

27. Plaintiff confirmed with J. Doe that J. Doe had only told Defendant Cook about her protected medical information and not the co-workers Plaintiff observed Defendant Cook talking to about J. Doe's confidential medical information.

28. Plaintiff had a good faith belief that Defendant Cook's actions were unlawful in violation of HIPAA and Medical Defendants' policies and procedures.

29. Plaintiff reported Defendant Cook's violation to Human Resources, as is required in the Medical Defendants' Policies. Plaintiff believed this manner of opposition was reasonable and would not involve further unlawful disclosure of J. Doe's protected health information.

30. On or about July 22, 2015, Plaintiff met with Medical Defendants' Human Resources employee, Chyrran Slama, and stated she had overheard Defendant Cook, talking about J. Doe's protected medical information with her subordinates, which violated Medical Defendants' policies and was a HIPAA violation.

31. Ms. Slama pressed Plaintiff for more details about who Plaintiff was referring to and what J. Doe's protected medical information was. Plaintiff assumed this meeting was confidential.

PLAINTIFF'S COMPLAINT FOR DAMAGES
SARA ROREBECK                       PAGE 5

BEVERLY GRANT LAW FIRM, P.S
3929 Bridgeport Way W., Ste. 208
University Place, WA.  98464
235-252-5454

32. Later, that week, Defendant Marcie Doyle ("Defendant Doyle"), told Plaintiff she knew that Plaintiff reported Defendant Cook's violations and that "we don't know what we can talk about around here."

33. Plaintiff was shocked that Defendant Doyle knew about J. Doe's protected medical information and about Plaintiff's opposition to Defendant Cook's policy and HIPAA violations.

34. The following week Plaintiff called in to confirm her shift, but no one was available to provide this information to. She called numerous times, but was forced to leave a voicemail.

35. On July 31, 2015, Defendant Cook summoned Plaintiff to her office and issued Plaintiff a written reprimand for not following the call-in policy, despite the fact that Plaintiff had tried to called in and left voicemails.

36. Defendants' other employees also had problems reaching someone to call in, but were not disciplined. Defendants retaliated against Plaintiff for her lawful opposition to a violation of company policy and HIPAA rules.

37. On August 1, 2015, Plaintiff told Defendant Slama that she was being targeted unfairly and that it was not coincidental that Defendant Cook had written her up a short period of time after reporting the policy violation.

38. Plaintiff expressed concern to her Director, Defendant Melchiorre, that Defendant Cook was retaliating against her for reporting Defendant Cooks' policy violations to Human Resources.

39. Plaintiff questioned whether she should file a grievance because the work environment was becoming hostile and it was becoming harder for her to work as Defendants' employee. Plaintiff started experiencing emotional and physical harm as a result of this hostile environment.

40. HR representative Slama stated in an August 17, 2015 memo that: "I also want to remind you that employees who raise concerns of this nature are protected from reprisal for reporting

PLAINTIFF'S COMPLAINT FOR DAMAGES
SARA ROREBECK                PAGE 6

BEVERLY GRANT LAW FIRM, P.S
3929 Bridgeport Way W., Ste. 208
University Place, WA. 98464
235-252-5454

concerns."

41. However, after Plaintiff reported the policy and HIPAA violation and until her termination on February 16, 2016, Defendants continued harassing Plaintiff, micromanaging her, making false and defamatory accusations against her, and ultimately terminated her employment following Plaintiff's lawful complaints.

42. Plaintiff suffered damages as a result of Defendants' violations in amounts to be proven at trial.

**3. Violations of RCW 49.60, *et seq.* based on Disability, Hostile Working Environment, Failure to Make Reasonable Accommodations and Retaliation**

43. Plaintiffs adopt by reference the preceding paragraphs as though fully incorporated herein, especially with reference to Plaintiff's Cause of Action No. 1, Violation of Americans with Disabilities Act (ADA), 42 U.S.C. §§12101, 12131, *et seq.*

44. Defendants have discriminated against Plaintiff, created a hostile working environment for Plaintiff, failed to make reasonable accommodations for Plaintiff, and retaliated against Plaintiff based on Plaintiff's known disabilities.

45. After Plaintiff made lawful complaints to Human Resources about Defendants' harassment, Defendants fired her. Plaintiff's disabilities and lawful complaints about her treatment were substantial factors in Defendants' decision to take the adverse actions against Plaintiff.

46. Defendants imposed job requirements and restrictions on Plaintiff that had a disparate impact on individuals with disabilities and those requirements and restrictions were not adequately justified.

47. Plaintiff suffered damages from Defendants' violations in amounts to be proven at trial.

## V.   RELIEF SOUGHT

For the reasons stated above, Plaintiff requests that this Court grant them the following damages:

1. Actual damages;

PLAINTIFF'S COMPLAINT FOR DAMAGES
SARA ROREBECK                    PAGE 7

BEVERLY GRANT LAW FIRM, P.S
3929 Bridgeport Way W., Ste. 208
University Place, WA. 98464
235-252-5454

2. Special damages;

3. General damages for emotional distress;

4. Punitive damages, where allowed by law;

5. Damages allowed under all applicable laws;

6. Injunctive and equitable relief;

7. Reasonable attorney's fees, costs, expenses of litigation, including prejudgment interest and expenses of an award in the amount of additional damages to offset or pay any taxes owed from the payment to Plaintiff of the award of damages;

8. For whatever further and additional relief the court shall deem to be just and equitable.

Filed this 25th day of May 2018

BEVERLY GRANT LAW FIRM, P.S.

By: */s/ Beverly Grant*
Beverly Grant, WSBA No. 8034
Attorney for Plaintiff

By: */s/ Elizabeth Lunde*
Elizabeth G. Lunde, WSBA No. 51565
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES
SARA ROREBECK            PAGE 8

BEVERLY GRANT LAW FIRM, P.S
3929 Bridgeport Way W., Ste. 208
University Place, WA. 98464
235-252-5454