UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARA ROREBECK, | CASE NO. 3:18-cv-05423 |
| Plaintiff, | ORDER |
| v. | |
| FRANCISCAN HEALTH et al., | |
| Defendants. | |

## INTRODUCTION

THIS MATTER is before the Court on Defendants' Motion to Dismiss. Dkt. #34. Plaintiff Rorebeck worked as a nurse for Defendant Franciscan Health from July, 2001, through 2016, at St. Joseph's Hospital in Tacoma. Am. Compl., Dkt. #33 at 5. She belonged to a union and her employment was governed by a collective bargaining agreement.[1]

Rorebeck alleges she told Franciscan that she was disabled by back problems, and that she required reasonable (but undescribed) accommodations. *Id*. She claims she provided medical

---

[1] The court can take judicial notice when the complaint necessarily relies on a document, and the parties do not dispute the authenticity of the document. Here, the CBA is necessary to resolve preemption issues. *See* e.g., *Faaola v. GES Exposition Servs., Inc.*, Nos. C 09-02327- C 09-02394, 2009 WL 2447715, at *2 (N.D. Cal. Aug. 7, 2009). Defendant's Motion for Judicial Notice [Dkt. #39] of this document is unopposed and is **GRANTED**.

records in support of this request, but that Franciscan made derogatory comments, joked, and laughed at Rorebeck's medical concerns before dismissing her request entirely. *Id*.

Rorebeck also claims she once overheard her manager, Defendant Cook, disclosing a co-worker's protected private health information to other employees, in violation of the Health Insurance Portability and Accountability Act (HIPAA), and in violation of Franciscan's internal policies and procedures. *Id*. at 7. She contends that employees are not allowed to disclose anyone's protected medical information and are directed to report violations to Human Resources under Franciscan's policies. *Id*. Rorebeck reported these violations to an HR employee via email, assuming they would stay confidential. *Id*. But a co-worker, Defendant Doyle, told Rorebeck that she knew Rorebeck reported Cook's violations the following week. *Id*. at 8. Rorebeck argues that she was targeted for reporting these violations. Specifically, she asserts that Cook began "micro-managing" her actions and disciplined her for failing to abide by the company's policies and procedures. *Id*. at 9. She claims other employees did not suffer any repercussions in similar situations. *Id*. Rorebeck also claims she discovered several untruthful and defamatory statements in her personnel file relating to her work. *Id*. at 11.

Rorebeck informed the same HR representative that she was being targeted unfairly. The HR representative assured Rorebeck that she was protected from reprisal for reporting concerns. *Id*. at 9. Rorebeck expressed her concern to her director, Defendant Melchiorre, about Cook's retaliation for reporting his violations to HR. *Id*. Ultimately, Franciscan terminated Rorebeck's employment. *Id*. at 10.

Rorebeck's CBA mandates a grievance procedure when an employee alleges a breach of its terms. She claims that filed a grievance to the extent that she can, and that the grievance process has been stalled by actions other than her own, including that of the Defendants, so it

never got finalized. Defendants claim that Rorebeck abandoned her grievance after the Washington State Nurses Association (WSNA) advanced it to arbitration two years ago. Dkt. #34; Defs. Reply, Dkt. #45. Rorebeck sued Franciscan, Cook, Doyle, and Melchiorre, claiming: (1) violations of the ADA, including harassment and discrimination; (2) retaliation for opposing unlawful practices under HIPAA; (3) violations of the WLAD based on disability, hostile work environment, failure to make reasonable accommodations and/or retaliation; (4) breach of contract and the implied covenant of good faith and fair dealing; and (5) defamation. *See* Dkt. #33.

The Defendants argue that Rorebeck's ADA claim against the individual Defendants should be dismissed because there is no individual liability under the ADA. Rorebeck concedes she has no ADA claim against any individual Defendant, and the Motion to Dismiss those claims is **GRANTED**. Her ADA claim against Franciscan remains.

Defendants also argue that the HIPPA claim against the individual Defendants should be dismissed because HIPPA's prohibition on retaliation applies only to specific "covered entities" or "business associates," which are entities that "create, receive, maintain, or transmit protected health information on behalf of a health care provider. *See* C.F.R. §160.103. Defendants claim she has not, and cannot, plausibly allege that this section applies to her co-workers. Rorebeck argues that whether or not the individual Defendants meet that definition is subject to discovery, and to the extent it is a challenge, must be supported by facts in a summary judgment motion, not by an unsupported statement.

1   Defendants further argue[2] that Rorebeck's WLAD claims are preempted by §301 of the
2   Labor Management Relations Act (LMRA), which preempts state law claims if they are either
3   grounded in the provisions of the labor contract, or require interpretation of it[3], because they are
4   founded on rights provided for in the CBA, and not independent of it. Rorebeck argues that her
5   state law WLAD claims are independent of the CBA and are therefore not preempted.
6   Defendants also argue that Rorebeck's claims are preempted because she did not exhaust
7   the CBA's grievance procedure before filing suit. Rorebeck contends that she has fully complied
8   and exhausted her remedies without abandoning them. Pl. Resp., Dkt. #44 at 9. Defendants argue
9   that even if she did not abandon her grievance, her failure to exhaust her remedies is fatal to her
10  claim, unless she can show that the union did not represent her, which she has not claimed. Dkt.
11  #45 at 9.
12  The Defendants also argue that Rorebeck's breach of contract and good faith and fair
13  dealing claims necessarily seek to vindicate a right or duty created by the CBA itself, and are
14  similarly pre-empted. Dkt. #34 at 11. Rorebeck argues that her breach of contract claims are not
15  preempted because they do not turn on an interpretation of any language in the CBA itself, but
16  arise out of common and statutory law, even though Rorebeck does not dispute Defendants'
17  assertion that the CBA is the contract that was breached. Rorebeck also does not identify any
18  other contract upon which her contract claims are premised. Dkt. #45 at 9.
19  Finally, Defendants argue that Rorebeck's defamation claim fails because she does not
20  and cannot plausibly allege that any defamatory statements were published or spoken concerning

---

[2] Defendants here and below also make the more traditional Rule 12(b)(6) argument, that Rorebeck's complaint does not articulate facts plausibly supporting a claim against it. S*ee Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Because the motion is resolved on other grounds, the Order will not address this argument.

[3] *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018).

her. Dkt. #34; Dkt. 45. Rorebeck argues that she has adequately pled the elements necessary to establish her claim for defamation, including the element of unprivileged communication.

## DISCUSSION

1. **Rule 12(b)(6) Standard**

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face.[4] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

---

[4] The Defendants correctly point out that Rorebeck's Response cites the incorrect standard. She focuses on Rule 8's requirement of a short plain statement but does not address *Iqbal's* plausibility standard under Rule 12(b)(6).

1   On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to
2   amend the pleading was made, unless it determines that the pleading could not possibly be cured
3   by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242,
4   247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether
5   there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v.
6   Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**2. Retaliation for Opposing Unlawful Practices under HIPAA**

Rorebeck claims Defendants violated HIPAA when Cook disclosed a co-worker's protected health information to his subordinates and retaliated against Rorebeck for reporting Cook's violation to HR.

Defendants Cook, Doyle, and Melchiorre claim that HIPAA does not apply to them because it only applies to "covered entities" or "business associates" under that statute. Dkt. #34 at 5. A "covered entity" is defined as (1) "a health plan," (2) "a health plan clearinghouse," or (3) "a health care provider who transmits any health information in electronic form in connection with a transaction." *See* 45 CFR §160.103. A "business associate" is a person who, on behalf of a covered entity, "creates, receives, maintains, or transmits protected health information*," other than in the capacity of a member of the workforce of such covered entity*."" *Id.* (emphasis added).

Rorebeck argues that she needs to conduct discovery into whether HIPAA applies to the Defendants, and that if Defendants claim they do not, they should file a motion for summary judgment. Dkt. #44 at 4. This is again a misapplication and not the 12(b)(6) standard. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007).

HIPAA governs the confidentiality of medical records and regulates how and under what circumstances "covered entities" [or "business associates"] may use or disclose protected health information about an individual. *United States v. Elliott*, 676 F. Supp. 2d 431, 436 (D. Md. 2009). It provides that a "covered entity or business associate may not … take any other retaliatory action against any individual or other person for … [o]pposing any act or practice made unlawful by this subchapter …." 45 C.F.R. §160.316(c).

Rorebeck has the burden to plausibly claim the individual Defendants do, in fact, meet the definition. She has not pled a single fact supporting her claim that HIPAA applies to her co-workers; they are not "covered entities" or "business associates." However, even if Rorebeck does not make this showing in her complaint, the corrective action is to leave to amend, not outright dismissal. The Defendants' Motion to Dismiss this claim is **DENIED, and, if she can do so, Rorebeck should file an amended complaint sufficiently alleging the individual Defendants' HIPAA liability to her within 14 days of this Order.** If she does not, or cannot, this claim will be dismissed.

3. <u>**WLAD Claims**</u>

   a. **Section 301 Preemption**

Defendants argue that Rorebeck's WLAD claims are preempted by § 301 of the LMRA because her claims necessarily depend on rights addressed in the CBA. For instance, the CBA establishes the agreement not to discriminate; provides that nurses cannot be disciplined or discharged except for just cause; and sets forth the procedure to follow when an employee alleges a breach of any of the terms of the CBA. Defendants further assert that Rorebeck's WLAD claims clearly fall within the ambit of these provisions because they require analyzing whether Franciscan's actions were reasonable under the CBA.

Rorebeck argues that her WLAD claims are independent of the CBA because they are grounded in state law and the CBA only has broad language regarding discrimination. She also argues that there is no indication that the union bargained away the state law protections through waiver.[5]

Whether a state cause of action is preempted by § 301 of the LMRA depends on whether resolving the state law claims requires interpreting the CBA. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405–06 (1988); *Jimeno v. Mobil Oil Corp.,* 66 F.3d 1514, 1522–23 (9th Cir.1995). To assess whether the claims are independent of the CBA, the Ninth Circuit employs a three-part test:

> (a) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so,
>
> (b) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and
>
> (c) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract.

*Miller v. AT & T Network Sys.,* 850 F.2d 543, 548 (9th Cir.1988). State law claims are preempted when the answer to the first question is "yes" and the answer to either the second or third question is "no." *Id. See, e.g., Andreasen v. Supervalu, Inc.*, No. 12-CV-05914-RBL, 2013 WL 2149714, at *3–4 (W.D. Wash. May 16, 2013). If a state law claim "is either grounded in the provisions of the labor contract or requires interpretation of it," the dispute must be resolved through grievance and arbitration. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018).

---

[5] Defendants acknowledge that state statutory rights cannot be bargained away in a CBA, but claim that the CBA here does not seek to do so.

Rorebeck's state claims are preempted by, and her dispute should have been resolved under, the CBA. The CBA specifically addresses, and prohibits, discrimination. "Employment and wage determination shall be based upon … irrespective of race, color, creed, sex, national origin, age, marital statute, religion, veteran's status, sexual orientation, gender identity, genetic information or the presence of sensory, mental or physical disability subject to the presence of occupational requirements." [*See* CBA Article 6.1, attached to Dkt. #41-2 at 13]. It specifically permits discipline or termination only for cause. "No full-time, part-time … shall be disciplined or discharged except for just cause." [*See* CBA Article 6.3, attached to Dkt. #41-2 at 13]. And it sets forth a mandatory grievance and arbitration procedure for resolving claims that the CBA has been breached.

> "[If a nurse has a grievance, the nurse must first present [it] in writing to the nurse's supervisor … if the matter is not resolved … the nurse shall present the grievance in writing to the appropriate Vice President or designee … if the matter is not resolved … the grievance shall be referred … to the Vice President, HR (or designee) …if the grievance is not settled … either the Employer or the Association may submit the issue to arbitration by written notice to the other party …]"

[*See* CBA Article 16, attached to Dkt. #41-2 at 37-39].

Rorebeck's WLAD claims necessarily arise from and concern her employment relationship with Franciscan. They are covered by Section 6.3 of the CBA because she alleges that she was terminated for making "lawful complaints to HR about Defendants' harassment," and discriminated against based on her disability, not for just cause. "Just cause shall be defined to include the concept of progressive discipline (such as verbal and written reprimands and the possibility of suspension without pay)" (internal quotations omitted). Section 6.3. The CBA governs the conduct giving rise to Rorebeck's WLAD claims.

Second, the WLAD claims cannot be evaluated without reference to and application of the CBA. Washington has articulated elements for claims of hostile work environment,

discrimination, retaliation, and failure to accommodate, each of which requires an analysis of the Defendants' conduct. Where the Defendants' conduct is at issue, "the terms of the CBA can become relevant in evaluating whether the defendant's behavior was reasonable." *Truex v. Garrett Freightlines, Inc.*, 784 F.2d 1347, 1350 (9th Cir. 1985).

Rorebeck's WLAD claims require a reasonableness analysis, which means that the facts specific to the claims must be analyzed. But because there is a CBA, her claims require analyzing whether Franciscan's actions were reasonable under the CBA. Franciscan's conduct was necessarily governed and restricted by its obligations under the CBA. Rorebeck's WLAD claims against Defendants cannot be evaluated without considering the CBA. Her WLAD claims are therefore preempted and she cannot bring state claims for actions that are covered by the CBA.

**b. Prerequisites to Filing Suit**

Defendants also argue that Rorebeck's WLAD claims are preempted because she has not satisfied any of the perquisites to filing suit under the CBA. They assert that she failed to exhaust the CBA's grievance procedures when she filed a grievance that was advanced to arbitration two years ago and then abandoned it. Rorebeck contends that Defendants' assertion is unverified and untrue and to the extent that she could, she has fully complied and exhausted her administrative remedies under the CBA.

Under § 301, "employees are generally required to seek relief from employer disciplinary actions through the grievance procedure established by the union and set out in the CBA." *Cannon v. Boeing Co.*, Case No. C12-1344, 2012 WL 5930620, at *2 (W.D. Wash. Nov. 27, 2012). "Challenging employer action through the grievance process is the employee's exclusive remedy with one exception" – where the union fails to represent the employee through the

grievance process. *Id*. In addition, "[A] plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied upon is not a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 396, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

Even if Rorebeck did not abandon her grievance through no fault of her own, her WLAD claims would still be preempted under Section 301 because there is only one exception to the rule that challenging employer action must be done through the grievance process—where the union fails to represent the employee through the grievance process. *Cannon v. Boeing Co.*, Case No. C12-1344, 2012 WL 5930620, at *2 (W.D. Wash. Nov. 27, 2012). Rorebeck fails to show that an exception to the general rule should apply that the union failed to represent her in this situation. Therefore, she was required to seek relief through the grievance procedure established by her CBA—an arbitration with the assistance of her union—before filing suit. Rorebeck cannot assert legal rights independent of the CBA because her claims are intertwined with interpreting the CBA, as previously discussed.

Rorebeck is required to adhere to the terms of the CBA when she alleged a violation of the WLAD or the CBA itself because her claims are grounded on rights provided for in the CBA, and require interpretation of the CBA. The Defendants' Motion to Dismiss Rorebeck's WLAD claims is **GRANTED, and those claims are DISMISSED with prejudice and without leave to amend**.

4. **Breach of Contract Claim**

Defendants argue that Rorebeck's breach of contract (and related breach of the duty of good faith and fair dealing) claims are also preempted, because they necessarily turn on the interpretation of the language in the CBA itself—there is no other contract, and Rorebeck does

not claim there is. Rorebeck asserts breach of contract and implied duty of good faith and fair dealing claims against the individual Defendants. Rorebeck concedes she had no contract with any individual Defendant, and the Motion to Dismiss those claims is **GRANTED**.

Rorebeck also has no real response to the argument that the CBA is the only contract at issue. She claims vaguely that her claim is based on "common or statutory law," but does not describe those laws. She has cited nothing in support of her apparent claim that she can have a breach of contract claim outside the context of the CBA.

If a claim arises entirely from a right or duty from the CBA, whether sounding in contract or in tort, it is effectively a CBA dispute in state law garb and is preempted. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018). In such cases, the CBA is the "only source" of the right the plaintiff seeks to vindicate. *Id*.

Here, Rorebeck's contract claim arises entirely from a right or duty from the CBA because she asserts that Defendants breached the CBA. Further, the CBA is the "only source" of the right Rorebeck seeks to vindicate because she does not provide any support that her contract claims are based on some other contract. Rorebeck's contract claims are preempted by the CBA. The Defendants' Motion to Dismiss Rorebeck's breach of contract and breach of the duty of good faith claims are **GRANTED, and those claims are DISMISSED with prejudice and without leave to amend**.

**5. Defamation**

Rorebeck's defamation claim is based on some unidentified false statement that some unidentified Defendant allegedly put in her employment file. Defendants argue that Rorebeck's defamation claim is not plausible because she has not identified the statement, the speaker, or any third party to whom it was published. Dkt. #45 at 6.

1       A defamation claim requires plaintiff to plausibly plead: (1) falsity, (2) *an unprivileged communication*, (3) *fault*, and (4) damages. *Mark v. Seattle Times*, 96 Wash.2d 473, 486, 635 P.2d 1081 (1981) (emphasis added). It is not necessary to "state in the complaint any extrinsic facts," but Rorebeck is at least required to "state generally that the [defamatory matter] was published or spoken concerning the plaintiff." RCW 4.36.120.

      Defendants are correct that the claim as currently pled is not plausible because there is no mention that any defamatory statements were spoken, sent, or forwarded to other employers or anyone else. But the corrective action is for Rorebeck to amend it, if she can, to address and resolve these deficiencies. Rorebeck shall do so within 14 days of this Order or her defamation claim will be **DISMISSED**.

## **CONCLUSION**

      The Defendants' Motion to Dismiss the ADA claim against the individual Defendants is **GRANTED**.

      The Defendants' Motion to Dismiss the retaliation for opposing unlawful practices under HIPAA is **DENIED**, and if she can do so, Rorebeck should file an amended complaint sufficiently alleging the individual Defendants' HIPAA liability to her within 14 days of this Order.

      The Defendants' Motion to Dismiss Rorebeck's WLAD and breach of contract claims are **GRANTED**, and those claims are **DISMISSED** with prejudice and without leave to amend.

The Defendant's Motion to Dismiss the defamation claim is **DENIED**, and if she can do so, Rorebeck should file an amended complaint sufficiently alleging the Defendants' liability to her within 14 days of this Order.

**IT IS SO ORDERED.**

Dated this 1st day of April, 2019.

Ronald B. Leighton
United States District Judge