# UNITED STATES DISTRICT COURT
## WESTERN DIVISION OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| SARA ROREBECK,<br><br>     Plaintiff,<br><br> vs.<br><br>FRANCISCAN HEALTH SYSTEM, ST. JOSEPH MEDICAL CENTER, ABC CORP. AND XYZ CORP., (fictitious names whose identities are presently unknown), KAREN COOK, individually, officially and on behalf of her marital community with MARK COOK, MARCIE DOYLE, individually, officially and on behalf of her marital community with MARTY DOYLE, LISA MELCHIORRE, individually, officially and on behalf of her marital community with JOHN DOE MELCHIORRE; John Doe 1-5 and Jane Doe 1-5 (fictitious individuals whose identities are presently unknown),<br><br>     Defendants. | No. 3:18-cv-05423-RBL<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>1. VIOLATION OF AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §§ 12101, 12131, *et seq.*<br><br>2. RETALIATION for Opposing Unlawful Practice Under HIPAA, 45 C.F.R. § 160, RCW 70.02 *et. seq.* and RCW 48.43 *et seq.*<br><br>3. DEFAMATION<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff, by and through her attorneys of record, Beverly Grant and Jeffery Bradley of Beverly Grant Law Firm, P.S., alleges as follows and submits the following Second Amended Complaint for Damages.

*Beverly Grant* Law Firm, P.S.

5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

# I. PARTIES

1.1    Plaintiff, Sara Rorebeck, at all times material hereto, was above the age of majority, a resident of Pierce County, Washington and an employee of Franciscan Health System and/or St. Joseph Medical Center.

1.2    Defendant Franciscan Health System, at all times material hereto, is a company that has continuously been doing business providing health care in the State of Washington and has continuously had at least fifteen (15) employees.

1.3    Defendant St. Joseph Medical Center, at all times material hereto, is a company that has continuously been doing business providing health care in the State of Washington and has continuously had at least fifteen (15) employees.

1.4    Defendants Franciscan Health System and St. Joseph Medical Center have continuously been employers engaged in an industry affecting commerce for the purposes of the relevant causes of action alleged herein.

1.5    Defendant, Karen Cook (hereinafter "Defendant Cook"), at all times material hereto, was a resident of Pierce County, Washington and is/was employed by Defendants, Franciscan Health System and/or St. Joseph Medical Center.  All acts performed by Karen Cook were performed on behalf of Defendants Franciscan Health System and/or St. Joseph Medical Center in her individual and official capacities and on behalf of her marital community with Mark Cook.

1.6    Defendant Marcie Doyle (hereinafter "Defendant Doyle"), at all times material hereto, was a resident of Pierce County, Washington and is/was employed by Defendants, Franciscan Health System and/or St. Joseph Medical Center.  All acts performed by Marcie

*Beverly Grant* Law Firm, P.S.

5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

Doyle were performed on behalf of Defendants Franciscan Health System and/or St. Joseph Medical Center in her individual and official capacities and on behalf of her marital community with Marty Doyle.

  1.7  Defendant Lisa Melchiorre (hereinafter "Defendant Melchiorre"), at all times material hereto, was a resident Pierce County, Washington and is/was employed by Defendants, Franciscan Health System and/or St. Joseph Medical Center. All acts performed by Lisa Melchiorre were performed on behalf of Defendants Franciscan Health System and/or St. Joseph Medical Center in her individual and official capacities and on behalf of her marital community with Jane or John Doe Melchiorre.

  1.8  Defendants John Does 1 – 5, at all times material hereto, are individuals unknown at this time. All acts performed by John Does 1 - 5 were performed on behalf of Defendants Franciscan Health System, and/or St. Joseph Medical in their individual, marital and official capacities. Plaintiff reserves the right to amend her Complaint to add additional parties should it become necessary.

  1.9  Defendants ABC CORP. and XYZ CORP., at all times material hereto, are corporations unknown at this time. All acts performed by ABC CORP. and XYZ CORP. were performed on behalf of Defendants Franciscan Health System and/or St. Joseph Medical Center. Plaintiff reserves the right to amend her Complaint to identify and/or add additional parties should it become necessary.

  1.10  Upon information and belief, any additional persons who engaged in tortious actions against Plaintiff will be identified and joined later in this lawsuit.

*Beverly Grant* Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

## II. JURISDICTION AND VENUE

2.1     Jurisdiction is proper in the United States District Court pursuant to 42 U.S.C. §§12101, 12131, *et seq.,* 45 C.F.R. §160 *et seq.* and venue is proper in that the Defendants Franciscan Health System and/or St. Joseph Medical Center conduct business in Pierce County, which is located in the Western District of Washington at Tacoma.

2.2     This court has subject matter jurisdiction over the facts alleged herein as well as pendent jurisdiction pursuant to RCW 70.02 *et seq.* and RCW 48.43 *et seq.* as Defendants Franciscan Health System and/or St. Joseph Medical Center conduct business in Pierce County, which is located in the Western District of Washington at Seattle.

## III.     NATURE OF THE CASE

3.1     This is an action brought under (1) Title I of the Americans with Disabilities Act Amendments (ADA), 42 U.S.C. §§ 12101, 12131 *et seq.*; (2) Retaliation for Opposing an unlawful practice under HIPAA, 45 C.F.R. § 160, et seq., RCW 70.02 et. seq. and RCW 48.43 et seq.; (3) Defamation.  As a result of Defendants' unlawful behavior, Plaintiff has suffered damages in amounts to be proven at trial.

## IV.  CAUSES OF ACTION

**1.     VIOLATION OF AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §§ 12101, 12131, *et seq*. AGAINST DEFENDANTS FRANCISCAN HEALTH SYSTEM AND ST. JOSEPH MEDICAL CENTER**

Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further states the following facts:

*Beverly Grant* Law
Firm,
P.S.

5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

4.1     Plaintiff was employed as a Relief Charge Nurse in the Medical Surgical Department from July 2001 through 2012.  Later she became a Relief Charge Nurse in the Preoperative Surgical Department until Defendants fired her on February 16, 2016.

4.2     Plaintiff suffered from a disability due to debilitating back injuries and related surgeries and, at all times relevant hereto, Defendants were aware that Plaintiff suffered from numerous medical issues that required reasonable accommodations.

4.3     Plaintiff requested reasonable accommodations from Defendants and Defendants refused to accommodate Plaintiff's medical conditions.

4.4     Despite Plaintiff's medical conditions, Plaintiff was able to perform all essential job functions for Defendants.

4.5     Defendants refused to review Plaintiff's medical records brought to them by Plaintiff, which supported Plaintiff's request for medical accommodations as a result of her debilitating back injuries and surgeries.  In spite of this disclosure, Defendants dismissed Plaintiff's medical concerns.

4.6     Defendants made derogatory comments about Plaintiff's medical conditions, joked about them and laughed at Plaintiff.

4.7     From 2001 until 2014, Plaintiff received exemplary job performance evaluations from her current and previous managers.  While employed by Defendants for over ten (10) years, Plaintiff maintained her medical surgical certification, which demonstrates Plaintiff's expertise in that field.

4.8     Plaintiff worked under the supervision of Defendant Cook where she received two (2) highly commendable job performance evaluations in 2013 and 2014.

Beverly Grant Law Firm, P.S.

5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

4.9     Plaintiff also received multiple commendations from co-workers and patients, including being nominated for the Daisy Award[1].  Plaintiff was previously selected to work with the medical director and ancillary staff on a discharge improvement project that was used hospital-wide.

4.10    After Defendants had harassed and discriminated against Plaintiff, she filed lawful complaints and her employment was ultimately terminated.

4.11    Plaintiff suffered damages as a result of Defendants' violations of the ADA in amounts to be proven at trial.

**2.     RETALIATION FOR OPPOSING UNLAWFUL PRACTICE UNDER HIPAA, 45 C.F.R. § 160, RCW 70.02 et. seq. and RCW 48.43 et seq.  AGAINST ALL DEFENDANTS**

Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further states the following facts:

4.12    Plaintiff overheard her manager, Defendant Cook, disclosing a co-worker's ("J. Doe") protected health information to Defendant Cook's subordinates, who at all times relevant hereto, were employees of Defendants Franciscan Health System and/or St. Joseph Medical Center.

4.13    Under the policies of Defendants Franciscan Health System and/or St. Joseph Medical Center, employees are not allowed to disclose anyone's protected medical information. Under policies of Defendants Franciscan Health System and/or St. Joseph Medical Center, employees are to report violations of the unlawful disclosure of protected medical information to Human Resources.

---

[1] The Daisy Award is given to an employee for serving as an outstanding role model for the nursing profession.

*Beverly Grant* Law Firm, P.S.

5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

4.14     J. Doe asked Plaintiff how she knew about her medical information, which was confidential since she had only told the Charge Nurse.

4.15     Plaintiff had a good faith belief that Defendant Cook's actions were unlawful, in violation of HIPAA and in violation of the policies and procedures of Defendants Franciscan Health System and/or St. Joseph Medical Center.

4.16     Plaintiff reported Defendant Cook's violation to Human Resources, as required by the policies and procedures of Defendants Franciscan Health System and/or St. Joseph Medical Center. Plaintiff believed this manner of opposition was reasonable and would not involve further unlawful disclosure of J. Doe's protected health information.

4.17     On or about July 22, 2015, Plaintiff emailed the Human Resources employee of Defendants Franciscan Health System and/or St. Joseph Medical Center, Chyrran Slama to inform how she had overhead Defendant Cook talking about J. Doe's protected medical information with her subordinates, which violated policies of Defendants Franciscan Health System and/or St. Joseph Medical Center and HIPAA.

4.18     Ms. Slama pressed Plaintiff for additional details about who Plaintiff was referring to and what was J. Does' protected medical information. Plaintiff was under the impression that the meeting with Ms. Slama was confidential.

4.19     Later that week, Defendant Doyle informed Plaintiff that she was aware Plaintiff reported Defendant Cook's violations and stated, "We don't know what we can talk about around here."

Beverly Grant Law Firm, P.S.

5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

4.20 Plaintiff was shocked that Defendant Doyle knew about J. Doe's protected medical information and about Plaintiff's opposition to Defendant Cook's policy and HIPAA violations.

4.21 The following week, Plaintiff called in to confirm her shift, but no one was available to provide the information to Plaintiff. She called numerous times, but was forced to leave a voicemail.

4.22 On July 31, 2015, Defendant Cook summoned Plaintiff to her office and issued Plaintiff a written reprimand for not following the call-in policy, although Plaintiff had tried to call in and left a voicemail. Plaintiff attempted to show the text message she had sent to the charge nurse for that day, informing Defendant Cook that she had tried to call in and could not reach anyone, so Plaintiff had no choice but to leave a message. Defendant Cook refused to look at the text message and insisted on accusing Plaintiff of lying. This unwarranted discipline appeared to occur solely in retaliation for Plaintiff trying to follow Defendants Franciscan Health System and St. Joseph Medical Center's HIPAA and privacy procedures.

4.23 Defendant Franciscan Health System's and/or St. Joseph Medical Center's other employees also had problems reaching someone to call in, but they were not disciplined. Defendants retaliated against Plaintiff for her lawful opposition to a violation of company policy, HIPAA rules and Washington Law pursuant to RCW 70.02 *et. seq.* and RCW 48.43 *et seq.*

4.24 RCW 70.02.020 states that "a health care provider, an individual who assists a health care provider in the delivery of health care, or an agent and employee of a health care provider may not disclose health care information about a patient to any other person without the patient's written authorization.' The individual defendant's actions, as alleged above, are in violation of this

*Beverly Grant* Law Firm, P.S.

5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

1    provision.

2         4.25    On August 1, 2015, Plaintiff informed Ms. Slama that she was being targeted

3    unfairly and that it was not coincidental that Defendant Cook had written her up shortly after

4    reporting the Defendants' own policy violation.

5         4.26    Plaintiff expressed concern to her Director, Defendant Melchiorre about

6    Defendant Cook retaliating against her for reporting Defendant Cook's policy violations to

7    Human Resources.

8         4.27    Plaintiff questioned whether she should file a grievance because the work

9    environment was becoming hostile and it was becoming harder for Plaintiff to perform her job

10   duties as Defendants' employee.  Plaintiff began experiencing emotional and physical harm due

11   to this hostile work environment.

12        4.28    HR representative Ms. Slama stated on August 17, 2015 in a memo to Plaintiff

13   that, "I also want to remind you that employees who raise concerns of this nature are protected

14   from reprisal for reporting concerns."

15        4.29    However, after Plaintiff reported the policy and HIPAA violations, until the date

16   of her termination on February 16, 2016, Defendants' employees continued to harass,

17   micromanage, and make false and defamatory accusations against Plaintiff in violation of

18   HIPAA and RCW 70.02 *et. seq.* and RCW 48.43 *et seq.* Ultimately, Plaintiff's employment

19   was terminated following her lawful complaints.

20        **3.    DEFAMATION AGAINST ALL DEFENDANTS**

21        Plaintiff adopts the preceding paragraphs by reference as though fully alleged and further

22   states the following facts:

*Beverly Grant* Law
                 Firm,
                 P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

1    4.30    Defendants placed several statements into Plaintiff's personnel file that were

2 untruthful and defamatory relating to her work, knowing they would be provided along with

3 her employment file to any employer with whom Plaintiff sought employment.

4    4.31    Defendants also sent emails to the Washington State Nurses Association, along

5 with other third-parties, containing defamatory and false statements.

6    4.32    Plaintiff was unaware that defamatory statements as to her character were made

7 until August 2016 when Plaintiff was pursuing a grievance with the union.

8    4.33    Defendants knew or recklessly disregarded that these statements were false and

9 were highly offensive.

10    4.34    These false and defamatory statements were transmitted to prospective

11 employers when Plaintiff applied for employment, and her employment file was requested as

12 part of the employment process.

13    4.35    On numerous occasions, the employment process came to an end as soon as her

14 employment file was received containing the false and defamatory statements that Defendants

15 made. On one occasion, a previously scheduled job interview with Multicare Health Systems

16 was cancelled upon receipt of Plaintiff's employment file, which contained these defamatory

17 and false statements.

18    4.36    These statements were made for the sole purpose of damaging Plaintiff's

19 reputation and/or placing her in a false light, causing her mental suffering.

20    4.37    These statements have made it difficult for Plaintiff to find work and have

21 otherwise damaged her in an amount to be proven at trial.

22

*Beverly Grant* Law Firm, P.S.

5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454

# VI.    RELIEF REQUESTED

a)    Past and future special damages as proven at trial, including interest on all liquidated damages;

b)    Past and future general damages as proven at trial;

c)    Punitive damages, where allowed by law;

d)    Damages allowed under all applicable laws;

e)    Injunctive and equitable relief;

f)    Reasonable attorney fees and costs, including expenses of litigation, filing fees, service of process, and/or prejudgment interest.

g)    Such other relief as the Court deems proper.

DATED this 15th day of April 2019.

Beverly Grant Law Firm, P.S.

By: _/s/ Beverly Grant_____
Beverly Grant, WSBA No. 8034
Attorney for Plaintiff


By: _/s/ Jeffery D. Bradley_
Jeffery D. Bradley, WSBA No. 27726
Attorney for Plaintiff

Beverly Grant Law Firm, P.S.
5808 100th Street SW, Suite A
Lakewood, WA 98499
(253) 252-5454