HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARA ROREBECK,

   Plaintiff,

 v.

FRANCISCAN HEALTH SYSTEM, et al.,

   Defendants.

CASE NO. C18-5423RBL

ORDER

  THIS MATTER is before the Court on Franciscan's[1] Motion to Dismiss [Dkt. # 50] Plaintiff Rorebeck's Second Amended Complaint [Dkt. # 49], and on Rorebeck's responsive Motion to again Amend her Complaint [Dkt. # 56]. The Court previously Dismissed Rorebeck's ADA and WLAD claims, and granted her leave to amend her "retaliation for opposing unlawful practices under HIPAA" and defamation claims.

  Rorebeck's Second Amended Complaint is her effort to state plausible ADA, HIPAA, and defamation claims. Franciscan argues that her effort is futile because she has failed to cure the deficiencies in her prior complaint.

---

[1] There are additional, individual defendants, but they are referenced together as Franciscan for clarity.

ORDER - 1

Specifically, it argues that Rorebeck's ADA claim (advanced against the employer) is not plausible because she has still not alleged that she is disabled, or that she exhausted her administrative remedies. Franciscan argues that Rorebeck's revised HIPAA claim remains implausible because there is no private right of action under HIPAA. It argues that her HIPAA and related RCW 70.02.020 claims are based solely on her claim she overheard a manager disclose a different employee's—not a *patient's*—medical information, and that such a disclosure is not a HIPAA violation. And it argues that Rorebeck has not and cannot plausibly claim that any individual defendant was acting "other than in the capacity or a member of the workforce of such covered entity" (*See* 45 CFR §160.103; Court's prior Order Dkt. # 48).

Franciscan argues that Rorebeck's revised defamation claim is subject to dismissal because she has still failed to plausibly allege that any individual defendant made a false statement about her, to anyone—she still has not identified the speaker, the content, what was false about it, or the recipient.

Rorebeck argues that Franciscan's latest attempt to dismiss her ADA claim against it (an argument it did not make in the first go-round) is unfair, and argues that she did exhaust her administrative remedies, specifically that she exhausted the EEOC process and obtained a right to sue letter.

On her defamation claim, Rorebeck again relies on Rule 8's "short plain statement" standard to argue that all she is required to provide is notice. She claims the defendants know who said what about her, and that that is all that is required. If and to the extent the Court requires her plead more, she proposes a third amended complaint, which would allege:

> 4.30 Defendants placed several statements into Plaintiff's personnel file that were untruthful and defamatory relating to her work, knowing they would be provided along with her employment file to any employer with whom Plaintiff sought employment.

[Dkt. # 55-4 at 11].

**A. Standard.**

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

**B. ADA claim.**

Rorebeck claims that she exhausted her administrative remedies on her ADA claim against Franciscan, and seeks to demonstrate the veracity of that claim by attaching a copy to the attorney's Declaration. [Dkt. # 55]. Her charge to the EEOC related not to any claimed disability, but to her claim that St. Joseph's Medical Center discriminated or retaliated against her in violation of the Genetic Information Nondiscrimination Act. [Dkt. #55-1 and -2].

1    Rorebeck's handwritten addendum did mention a disability:

> SR * in addition to this, I am reporting a disability discrimination. I was signaled out & reprimanded for issues related to my disability while some were given special treatment, promotions or altered schedules to fit their disability

[Dkt. # 55-2]. But she did not assert the claim she seeks to assert here. She did not identify any disability or request for accommodation, and her charge was not aimed at the current defendant. As Franciscan correctly points out, the Court's ability to hear an ADA claim depends on the scope of the plaintiff's EEOC charge. *See Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) and other authorities in Defendants' Reply Dkt. # 61 at 3.

Rorebeck's own documents demonstrate that she did not exhaust the claim she seeks to assert and the motion to dismiss it is **GRANTED**. Because there is nothing she could correct or add to make this claim plausible, her request to amend again is **DENIED**.

**C. HIPAA claim.**

Rorebeck's HIPAA/ RCW 70.02 claim is based on her claim that she overheard one employee discussing health information of another. There is still no allegation that anyone discussed a *patient's* health care information, or that anyone violated HIPAA or RCW 70.02. Rorebeck seems to suggest either that it would violate public policy to allow Franciscan to create and exploit a loophole by claiming the employee was not also (somebody's) "patient." She has not and cannot plausibly allege a HIPAA or RCW 70.02 violation, and the motion to Dismiss these claims is **GRANTED**. Because she cannot cure the defect, and because she has already attempted to do so in four total complaints, the request for any additional amendment is **DENIED**.

**D. Defamation claim.**

Rorebeck relies on Rule 8 and her own reticence to "re-publish" the allegedly defamatory statements in defense of her inability or failure to articulate who made what false statement about her. The Court still has no idea what is at issue. Nor is it clear that placing something untrue in a personnel file is publication for defamation purposes, or that it is unprivileged. But it is clear that one cannot state a plausible claim using only the label "defamatory." *See Harris v City of Seattle*, 315 F. Supp. 2d 1112, 1123 (W.D. Wash 2004). A plaintiff is required to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

Rorebeck's defamation claim is not plausible and even her proposed fourth version of it is purely conclusory. One cannot survive a motion to dismiss on this sort of thin, conclusory allegation. The Motion to Dismiss the Defamation Claim is **GRANTED** and Rorebeck's Motion to Amend her complaint to assert the revised, futile version is **DENIED**.

The case is **DISMISSED**, without leave to amend.

IT IS SO ORDERED.

Dated this 11th day of June, 2019.

Ronald B. Leighton
United States District Judge